■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GREGORY LORD, Appellant.— Judgment, Supreme Court, New York County, rendered on June 18, 1971, convicting defendant, on a plea of guilty, of attempted burglary, and sentencing defendant to one year's imprisonment, unanimously reversed and vacated, on the law, and the matter remanded to the Supreme Court, New York County, for resentencing. The record indicates that on October 19, 1970, Gregory Lord pleaded guilty to an attempt to commit the crime of burglary. When the plea was accepted, Mr. Justice BRUST acknowledged that the following promise had been made concerning sentence: " I want the record to be perfectly clear that at a conference a few moments ago between counsel for the defendant, the district attorney, and myself, I was given certain information as a result of which I said that I would be willing to accept the district attorney's recommendation for probation, and that if for any reason after receiving the probation report I couldn't go along with the district attorney's recommendation for probation, I would permit the defendant to withdraw his plea of guilty and reinstate his plea of not guilty." Sentencing was set down for December 8. Defendant did not appear on that date and the case was adjourned to January 7, 1971, on which date a bench warrant was issued. On June 18, 1971, when defendant was brought before Judge BRUST for sentencing, he claimed that he had appeared in court on December 8, but had not seen his name on the court calendar, and shortly thereafter he was arrested by the Federal parole authorities, and since then had been in Federal custody. The court proceeded to sentence defendant to one year's imprisonment in spite of defense counsel's urging that the defendant had been promised that he could

withdraw his plea if a prison sentence was to be imposed. The court stated that because of what had transpired since the plea, he would not allow a withdrawal of the plea. The recent United States Supreme Court decision in *Santobello* v. *New York* (404 U. S. 257) appears to be controlling in this situation. In that case the defendant, after negotiations with the prosecutor, withdrew his previous not guilty plea to two felony counts and pleaded guilty to a lesser included offense, the prosecutor having agreed to make no recommendation as to sentence. At defendant's appearance for sentencing many months later, a new prosecutor recommended the maximum sentence, citing defendant's criminal record and alleged links with organized crime. The Judge (who stated that he was uninfluenced by that recommendation) imposed the maximum sentence. Defendant attempted unsuccessfully to withdraw his guilty plea, and his conviction was unanimously affirmed on appeal to this court (35 A D 2d 1084). The Supreme Court held however, per Mr. Chief Justice BURGER: "This phase of the process of criminal justice [viz. plea bargaining], and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (*Santobello* v. *New York, supra*, p. 262.) We note that in his brief, the District Attorney concurs in this remand. Concur — McGivern, J. P., Murphy, McNally, Steuer and Tilzer, JJ.